Case No. 21-2263

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

Students for Fair Admissions, Inc.,
*Plaintiff-Appellant*

v.

University of North Carolina, et al.,
*Defendants-Appellees*

and

Cecilia Polanco, et al.,
*Intervenors/Defendants*

## MOTION TO SUSPEND BRIEFING PENDING THE SUPREME COURT'S RESOLUTION OF SFFA'S PETITION FOR CERTIORARI BEFORE JUDGMENT

A few weeks ago, Plaintiff-Appellant, Students for Fair Admissions (SFFA), filed a petition for certiorari before judgment with the Supreme Court in this case. In its petition, SFFA asks the Supreme Court to overrule *Grutter v. Bollinger*, 539 U.S. 306 (2003), and hold that institutions of higher education can never use race as a factor in admissions. SFFA also asked the Court to expedite its review of the petition so that the Court could consider this case alongside SFFA's

companion case against Harvard University this term. Specifically, SFFA asked the Supreme Court to hold the University of North Carolina, et al. (UNC) and the Intervenor-Defendants to the normal 30-day deadline for filing briefs in opposition. UNC and the Intervenor-Defendants opposed SFFA's motion and sought a 30-day extension of that deadline. The Supreme Court resolved the motions by ordering UNC and the Intervenor-Defendants to file their briefs in opposition no later than December 20—25 days earlier than they wanted. As a result, SFFA's petition will be considered by the Supreme Court at conference as early as January 7, 2022—in time for the case to be heard on the merits this term. If the Supreme Court grants certiorari before judgment, the appeal in this Court will almost certainly be stayed.

In the interests of preserving party and judicial resources, SFFA respectfully asks this Court to suspend briefing in this appeal pending the resolution of SFFA's petition for certiorari before judgment. *See* Local Rule 12(d) (this Court can, "[i]n the interest of docket control," place a case in abeyance "pending disposition of matters before … other courts which may affect the ultimate resolution of an appeal"). UNC and the

Intervenor-Defendants oppose. In support of this motion, SFFA states as follows:

1. On November 17, 2014, SFFA filed this case against UNC in the Middle District of North Carolina, alleging that the university is violating the Fourteenth Amendment and Title VI of the Civil Rights Act in its use of race in admissions.

2. On the same day, SFFA sued Harvard University in the District of Massachusetts. As in *UNC*, SFFA alleged that Harvard is violating Title VI in its use of race in admissions.

3. In 2019, the District of Massachusetts ruled for Harvard. *See SFFA v. President & Fellows of Harvard Coll. (Harvard Corp.)*, 397 F. Supp. 3d 126 (D. Mass. 2019). In 2020, the First Circuit affirmed. *See SFFA v. President & Fellows of Harvard Coll. (Harvard Corp.)*, 980 F.3d 157 (1st Cir. 2020). In February 2021, SFFA filed a petition for certiorari in the *Harvard* case. *See* Petition for Certiorari, *SFFA v. President & Fellows of Harvard Coll.*, No. 20-1199 (S. Ct.), bit.ly/3I7GZpG.

4. SFFA's petition in *Harvard* presents two questions: (1) whether the Court should overrule *Grutter* and hold that institutions of higher education cannot use race as a factor in admissions; and (2)

3

whether Harvard is violating Title VI by penalizing Asian-American applicants, engaging in racial balancing, overemphasizing race, and rejecting workable race-neutral alternatives. *Id.* at i.

5.  Eighteen amicus briefs were filed in support of SFFA's petition, including from Asian-American organizations, a coalition of States, former federal civil-rights officials, and other interested parties. *See* Docket, *SFFA v. President & Fellows of Harvard Coll.*, No. 20-1199 (S. Ct.), bit.ly/2PKVNnk.

6.  In June 2021, the Supreme Court called for a response from the Solicitor General of the United States in *Harvard*. *See id*. The Solicitor General's policy is to file such responses "in time to meet the Court's traditional cut-off dates for action each Term." Millett, *"We're the Government and We're Here to Help": Obtaining Amicus Support from the Federal Government in Supreme Court Cases*, 10 J. App. Prac. & Proced. 209, 215 (2009). For the *Harvard* case, that policy would have the Solicitor General file her brief in time for the *Harvard* petition to be considered before "the last conference in January for granting cases to be argued in April" 2022. *Id.* at 215 n.17. A decision from the Court on the

4

*Harvard* petition thus is expected soon. *See* SFFA Mot. to Expedite Briefing at 1, *SFFA v. UNC*, No. 21-707 (S. Ct.), bit.ly/3pdfp1I.

7.      In October 2021, nearly seven years after SFFA's complaint was filed, the Middle District of North Carolina ruled for UNC below. *See SFFA v. UNC*, No. 14-cv-954 (M.D.N.C.) (Dkt. 254). The court entered final judgment on November 4, 2021. *Id.* (Dkt. 257). Two days later, SFFA filed a notice of appeal to this Court. *Id.* (Dkt. 258).

8.      On November 11, SFFA filed a petition for certiorari before judgment with the Supreme Court in this case. *See* Petition for Certiorari, *SFFA v. University of North Carolina, et al.*, No. 21-707 (S. Ct.), bit.ly/3rtsAhP. SFFA's petition presents two questions: (1) whether the Court should overrule *Grutter* and hold that institutions of higher education cannot use race as a factor in admissions; and (2) whether a university can reject a race-neutral alternative because it would change the composition of the student body, without proving that the alternative would cause a dramatic sacrifice in academic quality or the educational benefits of overall student-body diversity. *Id.* at i. The first question is identical to the first question presented in *Harvard*, and

5

the second question overlaps with the second question presented in *Harvard*.

9. SFFA also filed a motion to expedite, explaining that this case and *Harvard* are companions and asking the Supreme Court to expedite the briefing schedule in this case so that both it and *Harvard* can be heard together in October Term 2021. SFFA Mot. to Expedite Briefing, *SFFA v. UNC*, No. 21-707 (S. Ct.), bit.ly/3pdfp1I. Specifically, SFFA asked the Supreme Court to instruct UNC and the Intervenors to file their briefs in opposition within 30 days, or December 15, 2021. Opposing, UNC and the Intervenors filed motions for an extension of time, asking the Court to extend the deadline for their briefs in opposition 30 days to January 14, 2022.

10. On November 22, the Supreme Court resolved the motions, ordering UNC and the Intervenors to file their briefs in opposition by December 20. *See* Docket, *SFFA v. University of North Carolina, et al.*, No. 21-707 (S. Ct.)), bit.ly/3o9gVm2. In other words, the Court granted UNC and the Intervenors only a 5-day extension, allowing it to consider the *UNC* and *Harvard* petitions together and hear both cases this Term— as SFFA requested.

6

11. In light of the Supreme Court's scheduling order, the high Court may consider SFFA's petitions in *Harvard* and this case as soon as its January 7 conference, which would allow for an order granting or denying SFFA's petition for certiorari before judgment in this case in January 2022. *See* Case Distribution Schedule – October Term 2021, U.S. Supreme Court, bit.ly/3o5W2Iv.

12. On November 29, this Court issued a briefing schedule, ordering SFFA to file its opening brief and joint appendix on January 10, 2022. *See* Dkt. 24.

13. To conserve party and judicial resources, this Court should suspend briefing on SFFA's appeal until the Supreme Court resolves SFFA's petition for certiorari before judgment.

14. The briefing in this Court (should it prove necessary) will be a significant undertaking, as the district court issued a 155-page opinion after an eight-day trial. UNC and the Intervenors agree. *See* UNC Mot. for Ext. of Time, *SFFA v. Univ. of N.C.*, No. 21-707 (S. Ct.), bit.ly/3xBort6 (noting the case's "voluminous record"); Intervenors Mot. for Ext. of Time, *SFFA v. Univ. of N.C.*, No. 21-707 (S. Ct.), bit.ly/32GwlWx (same).

15. If the Supreme Court grants SFFA's petition for certiorari before judgment, however, this appeal will almost certainly be stayed. *E.g.*, Order, *United States v. Texas*, No. 21-50949 (5th Cir. Oct. 22, 2021) (suspending briefing and argument in light of the Supreme Court's grant of certiorari before judgment); *United States v. Akinsade*, 686 F.3d 248, 252 n.4 (4th Cir. 2012) (noting that, after the Supreme Court granted certiorari in a similar case, this Court "suspended all briefing" and held the appeal in abeyance).

16. UNC and the Intervenors will suffer no prejudice if the Court suspends briefing pending a decision on SFFA's now-expedited petition for certiorari before judgment. UNC and the Intervenors are the defendants and were the prevailing parties below. A short delay in appellate briefing—in a case that they won in district court, after seven years of litigation already—could not possibly harm them.

17. Indeed, during this litigation, UNC itself (successfully) moved to stay this case for more than nine months pending the Supreme Court's decision in *Fisher v. University of Texas*, No. 14-981 (S. Ct.). *See* Dkt. 46. UNC urged the district court to stay this case pending *Fisher II* because that case "present[ed] the Supreme Court with an opportunity to clarify

8

further the law governing how public universities may consider race in the admissions process" and because a stay would "avoid hardship to both parties caused by duplicative . . . briefing." Dkt. 47 at 2, 9.

18.  Within a matter of weeks, the Supreme Court may grant SFFA's petition for certiorari before judgment in this very case. And the prospect of certiorari is not remote, given the Supreme Court's call for the views of the Solicitor General on similar questions presented in *Harvard*, the voluminous amicus support for SFFA, and the Supreme Court's decision that SFFA's petition should be resolved expeditiously. A short delay in appellate briefing pending the Supreme Court's decision—which, again, may come as soon as January 2022—is entirely reasonable. Granting this motion will conserve party resources, avoid unnecessary and duplicative briefing, and cause no prejudice to any party.

## CONCLUSION

For the foregoing reasons, the Court should grant SFFA's motion and suspend briefing in this appeal pending the resolution of SFFA's petition for certiorari.

Respectfully submitted,

*/s/ Thomas R. McCarthy*
Thomas R. McCarthy
J. Michael Connolly
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, Virginia 22209
Telephone: (703) 243-9423
Email: tom@consovoymccarthy.com

*Counsel for Plaintiff-Appellant*
*Students for Fair Admissions, Inc.*

10

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,619 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). I further certify that this motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in a proportionally spaced 14-point Century Schoolbook font using Microsoft Word.

*/s/ Thomas R. McCarthy*

## CERTIFICATE OF SERVICE

On December 1, 2021, I electronically filed the foregoing motion, which will notify all counsel of record.

*/s/ Thomas R. McCarthy*
