NO. 21-2263

In The
# United States Court of Appeals
For The Fourth Circuit

Students for Fair Admissions, Inc.,

*Plaintiff-Appellant*

v.

University of North Carolina, et al.,

*Defendants-Appellees*

and

Cecilia Polanco, et al.,

*Intervenors/Defendants*

---

**RESPONSE IN OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION TO SUSPEND BRIEFING PENDING THE SUPREME COURT'S RESOLUTION OF SFFA'S PETITION FOR CERTIORARI BEFORE JUDGMENT**

---

Intervenor-Defendants/Appellees Cecilia Polanco, et al., (Student-Appellees) file this response opposing Students for Fair Admissions' (SFFA) Motion to Suspend Briefing Pending the Supreme Court's Resolution of SFFA's Petition for Certiorari Before Judgment. SFFA's motion is premised on its own subjective belief that the Supreme Court will grant its' extraordinary relief

1

requested to bypass this Court. With nothing more, Student-Appellees must oppose. In support, Student-Appellees show as follows.

1. SFFA filed this case in 2014 asserting three claims against UNC: 1) failure to merely use race as a "plus" factor in admissions decisions; 2) failure to employ available race-neutral alternatives capable of achieving student body diversity; and 3) employing an undergraduate admissions policy that uses race as a factor in admissions. (M.D.N.C. Dkt. 001).

2. Following an eight-day trial in 2020, the district court issued its 155-page opinion upholding the University of North Carolina's (UNC) race-conscious holistic admissions plan, concluding that UNC "met its burden of demonstrating that the University's undergraduate admissions program withstands strict scrutiny and is therefore constitutionally permissible." (M.D.N.C. Dkt. 254).

3. The court issued its Final Judgment on November 4, 2021 (M.D.N.C. Dkt. 257) and on November 6, 2021, SFFA filed its appeal to the Fourth Circuit Court of Appeals. (M.D.N.C. Dkt. 258).

4. Just five days later, on November 11, 2021, SFFA filed its petition in the Supreme Court asking the Court to review the district court's opinion rejecting its race-neutral claim and dismissing its claim seeking to overrule *Grutter v. Bollinger*, 539 U.S. 306, 325 (2003) before judgment

in this Court. *See* Petition for Writ of Certiorari Before Judgment, *SFFA v. University of North Carolina, et al.*, No. 21-707 (S. Ct.).

5. Supreme Court Rule 11 sets a high bar for litigants like SFFA seeking to bypass the court of appeals and grant certiorari before judgment. This extraordinary procedural relief is allowed "only upon a showing that the case is of such imperative public importance as to justify deviation from normal appellate practice and to require immediate determination in this Court." S. Ct. Rule 11. This is a "very demanding standard." *Mount Soledad Mem'l Ass'n v. Trunk*, 573 U.S. 954, 134 (2014) (statement of J. Alito).

6. SFFA suggests that the Supreme Court's granting of only a five-day extension to UNC and Intervenor-Defendants/Appellees to file their responses to SFFA's petition indicates the Supreme Court's proclivity to grant its petition. However, that is based on pure speculation. The Supreme Court could have granted only a five-day extension on the belief that SFFA has not satisfied the demanding Rule 11 requirements. Indeed, SFFA's posture here—wait until whenever the Supreme Court may rule upon its petition—contrasts with its own "urgent" need for the Supreme Court to examine the case alongside its case against Harvard.

7. SFFA has not discussed how or why it would need additional time to brief. The fact that SFFA filed its 35-page petition only days after the district court issued its final judgment in this case, together with its Motion to Expedite, demonstrates that it has the resources and capacity to comply with normal briefing schedules.

8. SFFA suggests that the Supreme Court could weigh its petition in January 2022, as early as January 7. *See* SFFA Mot. to Suspend Briefing at 9.

9. The parties are entitled to a quick, reasonable resolution of the claims in this case consistent with this Court's briefing schedule.

10. Although Student-Appellees oppose an indefinite suspension as requested by SFFA, Student-Appellees would not oppose a 30-day extension of its appellants' brief if SFFA was to request such and supported such request with the appropriate reasons under this Court's rules.

## Conclusion

Accordingly, Student-Appellees respectfully urge this Court to deny SFFA's motion.

Dated: December 13, 2021　　　　　Respectfully submitted,


/s/ David Hinojosa
Jon Greenbaum
David Hinojosa
*Counsel of Record*
Genevieve Bonadies Torres
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Ste. 900
Washington, DC 20005
Tel. (202) 662-8600
Email:
dhinojosa@lawyerscommittee.org

Jack Holtzman
Sarah Laws
NORTH CAROLINA
JUSTICE CENTER
224 South Dawson Street
Raleigh, NC 27601

Reed N. Colfax
RELMAN COLFAX PLLC
1225 19th Street NW,
Suite 600
Washington, DC 20036

*Counsel for Respondents
Cecilia Polanco, et al.*

5

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 613 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). I further certify that this motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in a proportionally spaced 14-point [Times New Roman] font using Microsoft Word.

/s/ David Hinojosa

## CERTIFICATE OF SERVICE

By my signature below, I certify that on December 13, 2021, I electronically filed the foregoing motion, which will notify all counsel of record.

/s/ David Hinojosa